UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------x
AHARON MANSOUR,

                Plaintiff,      Civil Action No.

   - against -

                                    **COMPLAINT**

SWAR DEVELOPERS, LLC,

                                    **JURY TRIAL**
               Defendant.     **DEMANDED**

------------------------------------------------------------x

Plaintiff Aharon Mansour ("Mansour" or "Plaintiff"), by and through his attorneys, Twersky PLLC, hereby files this Complaint, and in support thereof, avers as follows:

1. This is an action for a declaratory judgment, declaring that Mansour is entitled to certain monies held in the escrow account of non-party Madison Title Agency, LLC.

2. Mansour, as purchaser, and Defendant Swar Developers, LLC ("Defendant" or "Swar Developers"), as seller, entered into an Agreement of Sale relating to a certain property, with various required conditions to be met as part of the transaction.

3. The Agreement of Sale was executed but the closing for the property never happened, the conditions were never satisfied, and the Agreement of Sale is now null and void.

4. Accordingly, Mansour brings this action for a declaratory judgment, declaring that he is entitled to a return of the deposit money being held by Madison Title Agency, LLC.

## PARTIES

5. Plaintiff Aharon Mansour is a natural person, resides in Ocean County, New Jersey and is a citizen of the State of New Jersey.

6. Defendant Swar Developers, LLC, is a New Jersey limited liability company with its principal place of business in Kings County, in the State of New York. Upon information and belief, Defendant Swar Developers, LLC is a limited liability company consisting of

1

two members, Khdr Swed and R&S Design Creation, Inc.  Khdr Swed is a natural person, resides in Kings County, New York and is a citizen of the State of New York.  R&S Design Creation, Inc. is a New York corporation, with its principal place of business in New York County, New York and is a citizen of the State of New York.  Therefore, Defendant Swar Developers, LLC is deemed to be a citizen of the State of New York.  Neither Swar Developers, LLC, nor its members, Khdr Swed and R&S Design Creation, Inc. is a citizen of the State of New Jersey.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this case pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00 (Seventy Five Thousand Dollars).

8. Venue is properly laid in this Court because the escrow money at issue in this action is being held at a financial institution in this District.

## BACKGROUND & FACTS

9. Plaintiff Aharon Mansour, as purchaser, and Defendant Swar Developers, LLC, as seller, entered into an Agreement of Sale relating to the purchase of the property located at 500 Prospect Avenue, Lakewood, New Jersey ("Agreement").  A true and correct copy of the Agreement is attached as Exhibit A.

10. Pursuant to the Agreement, Mansour paid $200,000.00 as a deposit for the purchase ("Deposit"), which was deposited into the trust account of Escrow Agent, Madison Title Agency, LLC ("Madison Title").  *See* Exhibit A, Agreement, Article I, Section 1.3(a) and Section 1.4(a).

11. The Agreement was contingent upon multiple conditions, "all of which shall happen on or before the Closing Date." *See* Exhibit A, Agreement, Article 6, Section 6.1.

12. The Agreement specifically contemplated what would happen to the Deposit if the conditions were not met, and states: "If one or more of the following conditions are not satisfied or effectuated, this Agreement shall be null and void, if elected to by Purchaser, and the Deposit shall be returned to Purchaser without any further notice to Seller." *See* Exhibit A, Agreement, Article 6, Section 6.1.

13. The first noted contingency was for Mansour, as purchaser, to obtain "a firm unconditional written commitment for a mortgage or financing from a bank or other institutional lender in an amount equaling 60% of the purchase price . . . " before the Closing Date.  *See* Exhibit A, Agreement, Article 6, Section 6.1(a).

14. Additionally, the Agreement was "contingent upon the full and complete satisfaction of all terms, obligations and contingencies contained in the Settlement and Release Agreement ("Settlement Agreement") . . . If any of the terms or obligations in the Settlement Agreement are not met or satisfied, this Agreement shall be cancelled, null and void, and with no force and effect whatsoever."  *See* Exhibit A, Agreement, Article 6, Section 6.1(b).

15. One of the terms of the Settlement Agreement related to the execution of a contract for sale of the property located at 204 Massachusetts Avenue, Lakewood, New Jersey (the "Massachusetts Contract").  The Settlement Agreement expressly stated that "[i]n the event that the Massachusetts Contract does not close for any reason whatsoever, this [Settlement] Agreement shall be deemed cancelled, null, and void and with no force and effect whatsoever."

16. However, both clear conditions never materialized – Mansour was unable to obtain a firm written commitment for financing before the Closing Date, and the Massachusetts Contract was never executed and the transaction never closed.

17. Therefore, on or about July 22, 2022, Mansour terminated the Agreement pursuant to the terms of Article 6, Section 6.1 of the Agreement, by sending a termination letter to Defendant Swar Developers ("Termination Letter").  A true and correct copy of the Termination Letter is attached as Exhibit B.

18. Upon termination of the Agreement due to the conditions not being met, the Agreement is explicit that "***the Deposit shall be returned to Purchaser***."  *See* Exhibit A, Agreement, Article 6, Section 6.1 (emphasis added).

19. Therefore, Mansour sent notice to Madison Title, requesting the immediate release of the Deposit held in its trust account to Mansour ("Notice").  A true and correct copy of the Notice is attached as Exhibit C.

20. Madison Title has not released the Deposit to Mansour, due to its uncertainty and (inappropriate) conflicting claims to the Deposit.  *See* Exhibit A, Agreement, Article I, Section 1.4(d).

21. Accordingly, Mansour brings this action and respectfully requests the Court declare that he is entitled to the Deposit held in Madison Title Agency, LLC's trust account and that it be released to him immediately.

### AS AND FOR A FIRST CAUSE OF ACTION
(Declaratory Judgment)

22. Plaintiff repeats and re-alleges the allegations previously stated herein, inclusive, with the same force and effect as if set forth at length herein.

23. By reason of the foregoing, a justiciable controversy exists between Plaintiff Aharon

Mansour and Defendant Swar Developers, LLC, which is not conveniently amenable to conventional remedies, and to which Plaintiff has no adequate remedy at law.

24. By reason of the foregoing, Plaintiff Aharon Mansour is entitled to and requests a declaratory judgment which provides that the Court declare that Mansour is entitled to the Deposit held by Madison Title Agency, LLC, and it should be released to Mansour immediately.

WHEREFORE, Plaintiff demands judgment as follows:

A. On the First Cause of Action, for Declaratory Judgment, for a declaratory judgment which provides that the Court declare that Plaintiff Aharon Mansour is entitled to the Deposit held by Madison Title Agency, LLC, and it should be released to Mansour immediately; and,

B. For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 2, 2022

**TWERSKY PLLC**

By: _____
Aaron Twersky, Esq.
Ilana Neufeld, Esq.
747 Third Avenue, 32nd Floor
New York, New York 10017
Tel: (212) 425-0149
atwersky@twerskylaw.com

*Attorneys for Plaintiff Aharon Mansour*

To:

Clerk of the Court

Jonathan A. Ozarow
Clark Guldin
20 Church Street, Suite 15

Montclair, New Jersey 07042
jozarow@clarkguldin.com

*Attorneys for Defendant Swar Developers, LLC*